UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENT WIMBERLY,<br><br>　　　　Petitioner,<br><br>v.<br><br>GEORGE NEOTTI, Warden,<br><br>　　　　Respondent. | Case No. 10-CV-2106-MMA (JMA)<br><br>**REPORT AND RECOMMENDATION RE DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

### I.　**Introduction**

Petitioner Kent Wimberly ("Petitioner"), a state prisoner proceeding with counsel, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging the September 22, 2009 decision by the Board of Parole Hearings ("Board") to deny him parole. (Doc. No. 1.) The Court has considered the Petition, Respondent's Answer and Memorandum of Points and Authorities in support thereof, Petitioner's Traverse, and all the supporting documents submitted by the parties. Based upon the documents and evidence presented in this case, and for the reasons set forth below, the Court recommends that the Petition be **DENIED**.

### II.　**Background**

The following statement of facts is taken from the June 11, 2010 opinion of the California Court of Appeal on a petition for writ of habeas corpus filed by Petitioner.

(Lodgment No. 4.) This Court gives deference to state court findings of fact and presumes them to be correct. Tilcock v. Budge, 538 F.3d 1138, 1141 (9th Cir. 2008). Petitioner may rebut the presumption of correctness, but only by clear and convincing evidence. Id.; see also 28 U.S.C. § 2254(e)(1). The facts as found by the California Court of Appeal are as follows:

> In 1979, when he was 17 years old, Kent Wimberly brought a knife to the home of his friend, Eric Lauterbach, and repeatedly stabbed to death Lauterbach's father and the father's girlfriend. Wimberly was convicted of two counts of murder in the first degree and sentenced to 25 years to life in prison. His minimum eligible parole date was October 3, 1996.
>
> In 2009 Wimberly appeared for a subsequent parole hearing before the Board of Parole Hearings. The Board acknowledged Wimberly's positive prison work and disciplinary history. Nonetheless, the Board declined to set a parole date for three years, concluding that Wimberly currently poses an unreasonable risk of danger if released from prison. In support of its decision, the Board cited the following negative factors: (1) the facts and circumstances of the commitment offense; (2) Wimberly's unstable social history, evident from repeated moves when he was growing up and his admitted inability to bond in relationships with others; (3) lack of recent vocational training; (4) lack of insight into the causative factors of the murders; and (5) his 2008 psychological evaluation.

(Lodgment No. 4 at 1.)

On or about March 8, 2010, Petitioner filed a Petition for Writ of Habeas Corpus in the Superior Court of California, County of San Diego contending, as relevant here, (1) that the Board's decision failed the "some evidence" standard of review because it failed to set forth evidence that Petitioner posed an unreasonable risk of danger to public safety, and (2) that the Board's decision violated Petitioner's due process rights because it failed to demonstrate any nexus between immutable historical factors and current risk to public safety. (Lodgment No. 2.) That court denied the petition on May 3, 2010. (Lodgment No. 1.) On or about May 18, 2010, Petitioner filed a Petition for Writ of Habeas Corpus in the California Court of Appeal, in which he asserted the same two grounds for relief raised in his previous habeas petition. (Lodgment No. 3.) On June 11, 2010, the Court of Appeal denied the petition. (Lodgment No. 4.) On or about June 17, 2010, Petitioner filed a Petition for Review in the California Supreme Court, again asserting the same two claims previously raised. (Lodgment No. 5.) The petition was

denied on August 11, 2010.  (Lodgment No. 6.)

On October 7, 2010, Petitioner initiated the instant proceedings by filing a federal Petition for Writ of Habeas Corpus, raising the two claims previously asserted in his state habeas proceedings.  (Pet., Doc. No. 1).  Respondent filed an Answer on January 12, 2011, and Petitioner filed a Traverse on January 24, 2011.  (Doc. Nos. 6, 7.)

**III.    Discussion**

**A.    Standard of Review**

Title 28, United States Code, § 2254(a) sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

The current Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  See Lindh v. Murphy, 521 U.S. 320 (1997).  As amended, 28 U.S.C. § 2254(d) reads:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).  Under section 2254(d)(1), a state court decision is "contrary to" Supreme Court authority if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000).  A state court decision is an "unreasonable application of" Supreme Court authority if it correctly identifies the

governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. Under section 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

The last reasoned state court decision serves as the basis for the state court judgment. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007). Where there is no reasoned decision from the state's highest court, the Court "looks through" to the underlying appellate court decision. Ylst v. Nunnemaker, 501 U.S. 797, 801-06 (1991). If the dispositive state court order does not "furnish a basis for its reasoning," federal habeas courts must conduct an independent review of the record to determine whether the state court's decision is contrary to, or an unreasonable application of, clearly established Supreme Court law. See Delgado v. Lewis, 223 F.3d 976, 981-82 (9th Cir. 2000) (overruled on other grounds by Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003)); Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). However, a state court need not cite to or even be aware of Supreme Court precedent when resolving a habeas corpus claim, "so long as neither the reasoning nor the result of the state-court decision contradicts" such precedent. Early v. Packer, 537 U.S. 3, 8 (2002).

**B.  Petitioner is Not Entitled to Federal Habeas Relief**

The Supreme Court's recent per curiam decision in Swarthout v. Cooke, --- U.S. ----, 131 S.Ct. 859 (2011) is dispositive of Petitioner's claims. In Cooke, the Court stated that the only federal right at issue on the petitioners' due process claims regarding their parole determinations was procedural, not substantive, and thus the relevant inquiry was what process the petitioners received, not whether the state court had decided their cases correctly. Id., 131 S.Ct at 863. The Court provided a two-step due process inquiry:  first, it must be determined "whether there exists a liberty or property interest of which a person has been deprived," and if so, "whether the procedures followed by the State were constitutionally sufficient." Id. at 861. As to the first step, the Supreme

Court left in place Ninth Circuit precedent that California law creates a liberty interest in parole. Id.; see also Pearson v. Muntz, 639 F.3d 1185, 1191 (9th Cir. 2011). The Court emphasized, however, that this interest is a *state* interest created by California law. Cooke, 131 S.Ct. at 862 (emphasis in original).

When such an interest is created, the second step of the due process inquiry requires federal courts to evaluate whether the state provided "fair procedures" for the vindication of that interest. Id. In the parole context, only minimal procedures are required. Id. When an inmate is allowed an opportunity to be heard and is provided a statement of the reasons why parole was denied, due process is satisfied. Id. (citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979)). In Cooke, the petitioners "were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied." Id. at 162. According to the Supreme Court, "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process." Id. As the Court explained, "[I]t is no federal concern . . . whether California's 'some evidence' rule of judicial review . . . was correctly applied." Id. As interpreted by the Ninth Circuit, "Stated otherwise, there is no substantive due process right created by California's parole scheme. If the state affords the procedural protections required by Greenholtz and Cooke, that is the end of the matter for purposes of the Due Process Clause." Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011).

Here, Petitioner does not argue that he was denied an opportunity to speak at his hearing and contest the evidence against him, that he was denied advance access to his record, or that he was not notified of the reasons why parole was denied. Rather, he argues that the parole board's decision was not supported by sufficient evidence that he presents an unreasonable risk to public safety and that the parole board failed to demonstrate a nexus between immutable historical factors in Petitioner's case and his current risk to public safety. This is precisely the kind of claim that Cooke holds is not

cognizable on federal habeas review.  Accordingly, the Court recommends that the Petition be denied.

### IV.   Conclusion and Recommendation

After a thorough review of the record in this matter, the undersigned magistrate judge finds that Petitioner has not shown that he is entitled to federal habeas relief under the applicable legal standards.  Therefore, the undersigned magistrate judge hereby recommends that the Petition be **DENIED WITH PREJUDICE** and that judgment be entered accordingly.

This Report and Recommendation is submitted to the Honorable Michael M. Anello, United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  **IT IS ORDERED** that not later than **August 16, 2011**, any party may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."  **IT IS FURTHER ORDERED** that any reply to the objections shall be served and filed not later than **August 30, 2011**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  July 19, 2011

_____
Jan M. Adler
U.S. Magistrate Judge